# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HADARI STALLWORTH,

    Plaintiff,

v.

DIVISION OF PAROLE AND PROBATION, et al.,

    Defendants.

Case No. 3:17-cv-00033-RCJ-VPC

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a

2

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Plaintiff sues Defendants for events that took place while Plaintiff was incarcerated at Ely Conservation Camp. (ECF No. 1-1 at 1-2). Plaintiff sues the Division of Parole and Probation and the Southern Parole Board Committee. (*Id.*) He alleges two counts and seeks compensatory damages and an injunction ordering Defendants to grant Plaintiff parole immediately. (*Id.*)

Plaintiff alleges the following: On January 21, 2015, Plaintiff saw the Southern Nevada Parole Board. (*Id.* at 4.) At that time, Defendants reviewed and over calculated the severity of Plaintiff's crimes, leading to the over-imprisonment of Plaintiff. (*Id.*) Defendants misapplied factors to Plaintiff, resulting in a wrong justification for parole. (*Id.* at 5). The factors misapplied were Plaintiff's juvenile history and record. (*Id.*) Plaintiff alleges that this constitutes false imprisonment. (*Id.* at 4, 5).

Based on the allegations in the complaint, Plaintiff may not seek damages in this lawsuit. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, in order to recover damages for allegedly unconstitutional imprisonment, a § 1983 plaintiff first must prove that the government ruling resulting in his imprisonment has been expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 486-87. Therefore, when a state prisoner seeks damages in a § 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his imprisonment; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the imprisonment already has been invalidated. *Id.*

Here, Plaintiff alleges that Defendants wrongly denied him parole, resulting in a longer period of imprisonment. He has not alleged that any court has determined that the denial of parole was invalid. *Heck* therefore bars his claim for damages.

Plaintiff seeks injunctive relief requiring his immediate release on parole, arguing that Defendants wrongly denied him parole. However, the Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). Thus, Plaintiff may not challenge the denial of his parole and seek release from imprisonment in this § 1983 action.

If a plaintiff seeks only a hearing free from constitutional procedural error and does not seek relief that necessarily will affect the duration of his imprisonment, then he may seek such relief in a § 1983 action. *Wilkinson*, 544 U.S. at 81. However, Plaintiff has not requested such relief. Furthermore, regardless of the type of relief requested, a plaintiff still must state a claim that is cognizable under § 1983. Because § 1983 applies only when there is a violation of a right secured by the Constitution or the laws of the United States, a plaintiff must state a claim for such a violation. Here, Plaintiff has failed to do so. He appears to be challenging the legality of the denial of parole based on the way that Defendants allegedly misapplied certain factors, such as the severity of Plaintiff's criminal history, that Defendants are required to consider under state law when determining whether to exercise their discretion to grant parole. *See* Nev.Rev.Stat. § 213.1099(2); Nev.Rev.Stat. § 213.10885(2). These are issues of state law. Even if the Court were to very liberally construe Plaintiff's allegations as alleging a procedural due process claim, Plaintiff fails to state a colorable procedural due process claim

4

and cannot state a colorable due process claim. In order to be entitled to procedural due process, a plaintiff must first have a property interest or liberty interest of which the plaintiff has been deprived. *Swarthout v. Cooke*, 131 S. Ct. 859 (2011). There is no independent constitutional right to parole. *Id.* at 862. A state may create a liberty interest in parole, which would then be subject to certain procedural requirements, but the mere presence of a parole system in a state does not give rise to a constitutionally protected liberty interest in parole. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010). A state creates a liberty interest in parole only when its statutory parole provisions limit the parole board's discretion and use mandatory language creating a presumption that parole release will be granted. *Allen*, 482 U.S. at 373-81. Nevada's discretionary parole scheme does not use mandatory language and hence does not create a constitutionally cognizable liberty interest in parole. *Moor*, 603 F.3d at 661-62. Plaintiff therefore does not have a liberty interest in parole. Because he does not have a liberty interest in parole, Plaintiff cannot state a colorable procedural due process claim. Therefore, amending the complaint to try to state a procedural due process claim and seek only procedural injunctive relief would be futile.

The Court therefore will dismiss the complaint without prejudice and without leave to amend. The application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the entire complaint (ECF No. 1-1) is dismissed without prejudice and without leave to amend as amendment would be futile.

DATED: This 6 day of FEB, 2018.

R. Jones